# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERI JAMES,<br><br>                Plaintiff,<br>vs.<br><br>SAN DIEGO CHRISTIAN COLLEGE,<br><br>                Defendant. | CASE NO. 14cv314 BEN (DHB)<br><br>**ORDER STAYING FURTHER PROCEEDINGS** |

Defendants Motion to Dismiss is now before the Court. The motion to dismiss is denied without prejudice. The action is stayed pending resolution of the parallel state proceedings pursuant to the *Colorado River* doctrine.

## BACKGROUND

On February 11, 2014, Plaintiff filed this discrimination action for damages alleging Defendant violated Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, § 2000e, *et. seq.*, during the course of her employment. One year earlier, Plaintiff filed a similar action, with similar discrimination claims, against the same Defendant, in the Superior Court for the County of San Diego, California, Case Number 37-2013-00034751-CU-WT-CTL. The state case is scheduled for trial in June.

## DISCUSSION

To further the purposes of wise judicial administration, a federal court may abstain or stay a federal case in favor of a parallel state proceeding. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). To decide whether

a particular case warrants a *Colorado River* stay or dismissal, "the district court must carefully consider "'both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise.'" *R. R. Street & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 978 (9th Cir. 2011) (quoting *Colorado River*, 424 U.S. at 8180). In considering a stay, a district court looks at eight factors.

> [W]e have recognized eight factors for assessing the appropriateness of a *Colorado River* stay or dismissal: (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*Id.* at 978-79 (citations omitted). These factors weigh in favor of a stay.

The first two factors are irrelevant in this case because the dispute does not involve a specific piece of property, and both the federal and state forums are located in San Diego, California.

The third factor weighs heavily in favor of a stay. "'Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results.'" *Id*. at 979 (quoting *Am. Int'l Underwriters, (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir.1988)). Staying the federal discrimination case until conclusion of the state discrimination case will avoid piecemeal litigation.

The fourth factor, the order in which the forums obtained jurisdiction, also weigh heavily in favor of a stay. The state action was filed one year before the federal case. The state case has progressed quickly with a trial scheduled in June. In contrast, this case has not moved beyond the pleadings stage.

The fifth factor weighs slightly against a stay. Plaintiff asserts a Title VII

discrimination claim in this forum while asserting a discrimination claim in the state forum under the California Fair Housing and Employment Act.  The Defendant may have defenses available under the federal statute that it does not enjoy under state law.  But the differences are slight.  "The California anti-discrimination statutes in question are patterned after federal statutes and often look to federal law." *Jenkins v. City of Richmond*, Case No. C 08-3401 MHP, 2009 WL 35224, *2 (N. D. Cal. Jan. 6, 2009) (citations omitted) (considering *Colorado River* factors); *see also Riley v. City of Richmond,* Case No. C-13-4752 MMC, 2014 WL 5073804, *4 (N. D. Cal. Oct. 9, 2014) (granting *Colorado River* stay because discrimination claims under California's FEHA and federal Title VII are analyzed under the same framework and state court's findings will have preclusive effect).

The sixth factor weighs in favor of a stay because the state court forum is adequate to protect the rights of the parties.

The seventh factor is neutral because there is no evidence of forum shopping by either party.

The eighth factor weighs in favor of a stay.  Related to the fifth factor, the eighth factor considers whether the state action will resolve all of the issues before the federal court.  Plaintiff is asserting employment discrimination claims (as well as others) in her state court action.  She asserts a substantially similar Title VII claim in this federal case.  "California courts have determined that, because FEHA embodies the same anti-discrimination and public policy objectives as Title VII, the test for determining whether there is discrimination under Title VII applies to FEHA claims as well." *Tarin v. Cnty. of Los Angeles*, 123 F.3d 1259, 1263 & n.2 (citation omitted).  Once the California court decides the merits of the state FEHA claim, the merits are not subject to redetermination in this forum.  A federal court considering a Title VII discrimination claim is required to give preclusive effect to a state court judgment on a similar state discrimination claim.  *Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 466-85 (1982).  Thus, a decision on the merits of the state

discrimination claim in state court will likely resolve the Title VII issue before the this Court.

The eight factors together weigh in favor of staying the federal case until the conclusion of the state case. Although this Court may press forward with the process of adjudicating the Title VII claim, the wiser administration of judicial resources counsels in favor of staying[1] this case based on the *Colorado River* doctrine.

## CONCLUSION

Defendant's motion to dismiss is denied without prejudice. This case is stayed pending resolution of the parallel state case *Teri James v. San Diego Christian College*, San Diego County Superior Court case no. 37-2013-00034751-CU-WT-CTL.

Plaintiff is directed to file a notice with this Court at the conclusion of the state case and in the event the current state court trial date is changed by more than 30 days.

**IT IS SO ORDERED.**

DATED: March 3, 2015

_____
Hon. Roger T. Benitez
United States District Judge

---

[1] Rather than a dismissal, "[b]ecause a stay avoids speculative and difficult questions of state preclusion and limitations law, the district court should have granted a stay... after determining that the *Colorado River* doctrine applies." *Fierle v. Perez, M.D. Ltd.*, No. 09-16461, 350 Fed. App'x 140, *142 (9th Cir. Oct. 28, 2009) (citation omitted).